UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

| | |
|---|---|
| **DENTSPLY SIRONA INC. and TULSA DENTAL PRODUCTS LLC d/b/a DENTSPLY SIRONA ENDODONTICS,**<br><br>         Plaintiffs,<br><br>v.<br><br>**EDGE ENDO, LLC,**<br><br>         Defendant. | 1:17-cv-1041<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Dentsply Sirona Inc. ("DSI") and Tulsa Dental Products LLC d/b/a Dentsply Sirona Endodontics ("DSE") (collectively, "Plaintiffs" or "Dentsply Sirona"), for their Complaint against Defendant Edge Endo, LLC ("Defendant" or "Edge Endo"), allege as follows:

## NATURE OF ACTION

1.      This is an action arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, for infringement by Defendant of United States Patent Nos. 8,932,056 ("the '056 patent"), 9,351,803 ("the '803 patent"), and 8,882,504 ("the '504 patent") (collectively the "Asserted Patents" or the "Patents-in-Suit").  These patents cover revolutionary advances in the technology used in endodontic files.  Defendant has infringed each of these patents by manufacturing (or having manufactured) and selling products intended to be nearly identical to and that mimic those of Dentsply Sirona's highly successful ProTaper Next® files.  Defendant markets those products under the name EdgeTaper Encore™.

**PARTIES**

2. DSI (formerly Dentsply International Inc.) is a corporation organized and existing under the laws of the state of Delaware, having a place of business at 221 West Philadelphia Street, Suite 60W, York, PA 17401.

3. DSE is a limited liability company organized and existing under the laws of the state of Delaware, having a principal place of business at 5100 E. Skelly Drive #300, Tulsa, OK 74135. "Dentsply Sirona Endodontics" is a fictitious name for Tulsa Dental Products LLC registered with the Oklahoma Secretary of State.

4. DSE is a wholly-owned subsidiary of DSI and are together referred to herein as "Dentsply Sirona."

5. Dentsply Sirona is a well-known innovator, manufacturer and distributor of dental and other consumable products in the United States and abroad. Dentsply Sirona's broad global product platform helps dental professionals serve patients' oral healthcare for a lifetime, from preventive services to tooth replacement. Dentsply Sirona's oral health products range from general dental consumables and laboratory products to products supporting the dental specialty markets of orthodontics, endodontics, and implants.

6. On information and belief, Edge Endo is a limited liability company organized and existing under the laws of the State of New Mexico, having a place of business at 5600 Wyoming Blvd. NE, Suite 100, Albuquerque, NM 87109.

**JURISDICTION AND VENUE**

7. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).

9.      On information and belief, Edge Endo is subject to personal jurisdiction in this district by virtue of its presence in this State, having conducted business in this State, having availed itself of the rights and benefits of New Mexico law such that it should reasonably anticipate being haled into court in this judicial district, having engaged in systematic and continuous contacts with the State of New Mexico, including the practice of infringing conduct within this judicial district, and from the receipt of substantial revenue from activities conducted in this state and in this judicial district.

**U.S. Patent No. 8,932,056**

10.     On January 13, 2015, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,932,056 entitled "Swaggering Endodontic Instruments" to inventor Michael Scianamblo.  A true and correct copy of the '056 patent is attached hereto as Exhibit 1.

11.     Dentsply Sirona is the exclusive licensee for the '056 patent and has the right to bring suit for infringement and to recover for all past, present and future damages.

12.     The '056 patent relates generally to an endodontic device (a file used in root canal procedures) having a center of mass path that, at least in part, revolves around an axis of rotation of the device.  *See* Exh. 1.  More specifically, the '056 patent relates to an endodontic device having a tapered body including a tip end, a shank end, and a working surface having multiple cutting edges, where at least a portion of a center of mass path of the body revolves around an axis of rotation of the device.  *Id.*

**U.S. Patent No. 9,351,803**

13.     On May 31, 2016, the United States Patent and Trademark Office duly and legally issued United States Patent No. 9,351,803 entitled "Endodontic Instruments with Offset Centers

of Mass" to inventor Michael Scianamblo. A true and correct copy of the '803 patent is attached hereto as Exhibit 2.

14. Dentsply Sirona is the exclusive licensee for the '803 patent and has the right to bring suit for infringement and to recover for all past, present and future damages.

15. The '803 patent relates generally to an endodontic instrument having a center of mass path that, at least in part, spirals around an axis about which the instrument shank is configured to be driven. *See* Exh. 2. More specifically, the '803 patent relates to an endodontic instrument having a tapered body including a tip end, a shank end, and a working surface having multiple edges, where at least a portion of a center of mass path of the body spirals around an axis about which the instrument shank is configured to be driven. *Id.* When the endodontic instrument is driven within an endodontic cavity space, one or more edges of the instrument are out of contact with a wall of the endodontic cavity space. *Id.*

**U.S. Patent No. 8,882,504**

16. On November 11, 2014, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,882,504 entitled "Swaggering Endodontic Instruments" to inventor Michael Scianamblo. A true and correct copy of the '504 patent is attached hereto as Exhibit 3.

17. Dentsply Sirona is the exclusive licensee for the '504 patent and has the right to bring suit for infringement and to recover for all past, present and future damages.

18. The '504 patent relates generally to an endodontic instrument having a center of mass path that rotates around an axis of rotation of the instrument such that the working surface of the body swaggers when the instrument is rotated at a speed appropriate for preparing the endodontic cavity space. *See* Exh. 3. More specifically, the '504 patent relates to an endodontic

instrument having a tapered body including a tip end, a shank end, and a working surface having multiple cutting edges. *Id.* The body is comprised of a plurality of transverse cross-sections with centers of mass, where a center of mass path of the body rotates around the axis of rotation of the instrument such that the working surface swaggers when the instrument is rotated at a speed appropriate for preparing the endodontic cavity space. *Id.* The swagger results in one or more cutting edges of the instrument being out of contact with a wall of the endodontic cavity space. *Id.* The plurality of transverse cross-sections of the body are polygonal and have a constant number of sides. *Id.*

## **DEFENDANT'S ACTS OF INFRINGEMENT AND PATTERN OF COPYING DENTSPLY SIRONA PRODUCTS WHILE IGNORING DENTSPLY SIRONA'S INTELLECTUAL PROPERTY RIGHTS**

### **A.   Edge Endo's Copying of Dentsply Sirona's ProTaper Next® Product**

19. Dentsply Sirona has been selling its ProTaper Next® endodontic files since January 2013.

20. Shortly after Dentsply Sirona introduced the ProTaper Next® product, Chuck Goodis, the founder of Edge Endo, ordered Dentsply Sirona ProTaper Next® files to be shipped to his office in New Mexico. He placed additional orders for those files in July and September 2016.

21. In the spring of 2017, Edge Endo announced it would be offering a new product called the "EdgeTaper Next" at an upcoming tradeshow in New Orleans. DSI, was (and is) the owner of a federally registered trademark for the term ProTaper Next®. On April 4, 2017, DSI promptly filed suit in the United States District Court for the Eastern District of Louisiana, seeking injunctive relief to prevent Defendant from copying DSI's trademark. *See* Case No. 2:17-cv-02845.

5

22. Shortly thereafter, Defendant agreed to change its product name, representing to the Court that it would never introduce a product named EdgeTaper Next™ or EdgeTaper X at the New Orleans tradeshow or at any other time or location.

23. Defendant thereafter changed the name of its product to EdgeTaper Encore™.

24. Following the launch of Defendant's renamed EdgeTaper Encore™ product, Dentsply Sirona obtained samples of that product, had them tested, and determined that they were intended to mimic Dentsply Sirona's ProTaper Next® files (albeit of a poorer quality). Dentsply Sirona also determined that, as set forth below, the EdgeTaper Encore™ products infringed the three Patents-in-Suit.

25. The EdgeTaper Encore™ product being promoted by Edge Endo is intended to be virtually identical to Dentsply Sirona's ProTaper Next® product. In addition, both products are offered in a series of five; both include the same short, gold-colored handle; and both include the same coloring scheme on the handles to indicate the different sizes of the files.

| *EdgeTaper Encore<sup>TM</sup>* | *Dentsply Sirona ProTaper Next®* |
|---|---|

6

26. Edge Endo's website states that "[t]he EdgeTaper Encore™ is available in 21mm, 25mm, and 31mm lengths and are to be used in the same technique as ProTaper Next®. This familiar sequence will ensure the switch to EdgeTaper Encore™ will be seamless." Exh. 4.

27. Edge Endo's website also states to "[u]se [EdgeTaper Encore™] exactly like PROTAPER Next®." Exh. 5.

28. Edge Endo's website further states that its EdgeTaper Encore™ products are being sold for "one third the cost" of Dentsply Sirona's ProTaper Next®. Exh. 4.

29. Edge Endo also mimics Dentsply Sirona's promotional descriptions. For example, Edge Endo contends that its EdgeTaper Encore™ product (then being promoted as EdgeTaper Next™) has a new "rectangular cross-sectional shape." Likewise, Edge promotes the "asymmetry" of its infringing products design. This mirrors the promotional descriptions of Dentsply Sirona's ProTaper Next® product.



| *EdgeTaper Next*™ (now offered as EdgeTaper Encore™) |
|---|
| The incredible EdgeTaper™ Next is designed to replace and outperform ProTaper Next® at one third the cost. Our new tapered rectangular cross-sectional shape with our proprietary heat treatment method allows EdgeTaper™ Next to reduce taper lock and enhance debris removal and have twice the resistance to cyclic fatigue* than ProTaper Next® but at one third the cost. |
| *ProTaper Next*® |
| more continues in PROTAPER NEXT. It's everything you love about the original ProTaper, with added refinements to improve performance.<br><br>• Patented rectangular cross-section design for greater strength.<br>• Unique Asymmetric Rotary (AR) Motion that further enhances<br>• ProTaper canal shaping efficiency.<br>• Proven M-Wire NiTi alloy for increased flexibility and resistance to cyclic fatigue. |

Exhs. 6-8.

7

30. Edge Endo has exhibited a pattern and practice of copying Dentsply Sirona products and then selling those copycat products as "replacements" for the higher quality Dentsply Sirona products.

### B.  The Infringing EdgeTaper Encore™ Products

31. Defendant's EdgeTaper Encore™ products are endodontic dental files with a body having a tip end and a shank end and a working surface between those ends that includes multiple cutting edges, and at least a portion of which is tapered.

32. The body of Defendant's EdgeTaper Encore™ products has a plurality of transverse cross-sections with centers of mass, together defining a center of mass path of the body, which rotates around an axis of rotation.

33. The working surface of the body of Defendant's EdgeTaper Encore™ products swaggers when the instrument is rotated about the axis of rotation at a speed appropriate for preparing an endodontic cavity space.

34. When Defendant's EdgeTaper Encore™ products are rotated about the axis of rotation, one or more cutting edges are out of contact with a wall of the endodontic cavity space.

35. The number of sides of the plurality of transverse cross-sections of Defendant's EdgeTaper Encore™ products are constant and have a polygonal shape.

36. On information and belief, Defendant's manufacture, use, offer to sell, marketing, sale and/or distribution of at least the EdgeTaper Encore™ endodontic files within the United States, or importation of these products into the United States during the term of the Patents-in-Suit infringes at least claim 1 of each of the Patents-in-Suit pursuant to 35 U.S.C. § 271.

37. Upon information and belief, Defendant had actual knowledge of the Patents-in-Suit prior to the filing of the present lawsuit.

38.     Defendant sells its EdgeTaper Encore™ endodontic dental files in direct competition with Dentsply Sirona's ProTaper Next® products.

39.     Dentsply Sirona has suffered irreparable harm, including lost sales, market price erosion and loss of market share, as well as damage to its reputation and goodwill with customers, as a result of Defendant's actions.

40.     Defendant has caused and will continue to cause irreparable harm to Dentsply Sirona, its business and its reputation through its making, using, offerings for sale, sale, importation, marketing and/or distribution of its infringing products, including but not limited to the EdgeTaper Encore™ endodontic files.

## COUNT I
## (Infringement of United States Patent No. 8,932,056)

41.     Plaintiffs reallege and incorporate herein by reference the allegations set forth in paragraphs 1-40 of this Complaint.

42.     Defendant has imported, offered to sell, sold, used, marketed and/or otherwise distributed within the United States a product that infringes at least claim 1 of the '056 Patent under 35 U.S.C. § 271.

43.     Defendant has infringed and continues to infringe at least one claim of the '056 Patent, pursuant to 35 U.S.C. § 271 by the manufacture, use, offer to sell, sale, or importation of products including, but not limited to, the EdgeTaper Encore™ line of products prior to the expiration of the '056 Patent.

44.     Defendant will continue to infringe the '056 Patent unless and until it is preliminarily and permanently enjoined by this Court.

45.     Plaintiffs have suffered irreparable harm as a result of Defendant's actions and Plaintiffs will continue to suffer irreparable harm unless this Court preliminarily and permanently

enjoins Defendant, its agents, employees, representatives and all others acting in concert with Defendant from infringing the '056 Patent.

46. Plaintiffs have no adequate remedy at law.

47. As a result of Defendant's infringement of the '056 Patent, Plaintiffs have suffered monetary damages and are entitled to a money judgment in an amount adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiffs will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

48. This case is exceptional and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT II
### (Infringement of United States Patent No. 9,351,803)

49. Plaintiffs reallege and incorporate herein by reference the allegations set forth in paragraphs 1-48 of this Complaint.

50. Defendant has imported, offered to sell, sold, used, marketed and/or otherwise distributed within the United States a product that infringes at least claim 1 of the '803 Patent under 35 U.S.C. § 271.

51. Defendant has infringed and continues to infringe at least one claim of the '803 Patent, pursuant to 35 U.S.C. § 271 by the manufacture, use, offer to sell, sale, or importation of products including, but not limited to, the EdgeTaper Encore™ line of products prior to the expiration of the '803 Patent.

52. Defendant will continue to infringe the '803 Patent unless and until it is preliminarily and permanently enjoined by this Court.

53. Plaintiffs have suffered irreparable harm as a result of Defendant's actions and Plaintiffs will continue to suffer irreparable harm unless this Court preliminarily and permanently enjoins Defendant, its agents, employees, representatives and all others acting in concert with Defendant from infringing the '803 Patent.

54. Plaintiffs have no adequate remedy at law.

55. As a result of Defendant's infringement of the '803 Patent, Plaintiffs have suffered monetary damages and are entitled to a money judgment in an amount adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiffs will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

56. This case is exceptional and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT III
### (Infringement of United States Patent No. 8,882,504)

57. Plaintiffs reallege and incorporate herein by reference the allegations set forth in paragraphs 1-56 of this Complaint.

58. On information and belief Defendant has imported, offered to sell, sold, used, marketed and/or otherwise distributed within the United States a product that infringes at least claim 1 of the '504 Patent under 35 U.S.C. § 271.

59. On information and belief, Defendant has infringed and continues to infringe at least one claim of the '504 Patent, pursuant to 35 U.S.C. § 271 by the manufacture, use, offer to sell, sale, or importation of products including, but not limited to, the EdgeTaper Encore™ line of products prior to the expiration of the '504 Patent.

60. On information and belief, Defendant will continue to infringe the '504 Patent unless and until it is preliminarily and permanently enjoined by this Court.

61. Plaintiffs have suffered irreparable harm as a result of Defendant's actions and Plaintiffs will continue to suffer irreparable harm unless this Court preliminarily and permanently enjoins Defendant, its agents, employees, representatives and all others acting in concert with Defendant from infringing the '504 Patent.

62. Plaintiffs have no adequate remedy at law.

63. As a result of Defendant's infringement of the '504 Patent, Plaintiffs have suffered monetary damages and are entitled to a money judgment in an amount adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiffs will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

64. This case is exceptional and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

### **PRAYER FOR RELIEF**

a. Enter a judgment that Defendant has infringed the '056 Patent;

b. Enter a judgment that Defendant has infringed the '803 Patent;

c. Enter a judgment that Defendant has infringed the '504 Patent;

d. Grant a preliminary and permanent injunction that restrains and enjoins Defendant, its officers, directors, employees, agents, servants, parents, subsidiaries, successors, assigns, and all those in privity, concert or participation with them from directly or indirectly infringing the Patents-in-Suit;

e.      Award Plaintiffs damages in an amount sufficient to compensate Plaintiffs for Defendant's infringement of the Patents-in-Suit, but not less than a reasonable royalty;

f.      Enter judgment that Defendant's infringement was and is willful from the time Defendant became aware of the infringing nature of its products and that the Court award treble damages for the period of such willful infringement of the Patents-in-Suit pursuant to 35 U.S.C. § 284;

g.      Award prejudgment interest to Plaintiffs under 35 U.S.C. § 284;

h.      Declare this case exceptional under 35 U.S.C. § 285 and award Plaintiffs their reasonable attorneys' fees, expenses, and costs incurred in this action; and

i.      Grant such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all issues appropriately triable by a jury.

Dated: October 16, 2017

        Respectfully submitted,

        ATKINSON, BAKER & RODRIGUEZ, P.C.

By:  */s/ Douglas A. Baker*
     Douglas A. Baker
     201 Third Street NW, Suite 1850
     Albuquerque, NM 87102
     Phone:  505-764-8111
     Facsimile:  505-764-8374
     E-mail:  dbaker@abrfirm.com

     -and-

     ROTHWELL, RIGG, ERNST & MANBECK, P.C.
     Steven Lieberman (to be admitted *pro hac vice*)
     Derek Dahlgren (to be admitted *pro hac vice*)
     Rachel Echols (to be admitted *pro hac vice*)
     Eric Blatt (to be admitted *pro hac vice*)
     607 14th St., N.W., Suite 800
     Washington, DC 20005
     Phone:  202-783-6040
     Facsimile:  202-783-6031
     E-mail:  slieberman@rfem.com
     ddahlgren@rfem.com
     rechols@rfem.com
     eblatt@rfem.com

     *Counsel for Plaintiffs Dentsply Sirona Inc. and Tulsa Dental Products LLC*