**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DENTSPLY SIRONA INC. and
TULSA DENTAL PRODUCTS LLC d/b/a
DENTSPLY SIRONA ENDODONTICS,

  *Plaintiffs*,

  v.

EDGE ENDO, LLC and
US ENDODONTICS, LLC

  *Defendants*.

Case No. 1:17-cv-1041-WJ-SCY

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT
FOR FAILURE TO STATE A CLAIM**

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................1

II. A COMPLAINT FOR PATENT INFRINGEMENT MUST COMPLY WITH
*IQBAL/TWOMBLY* ............................................................................................................1

III. PLAINTIFFS' SECOND AMENDED COMPLAINT FAILS TO MEET THE
*IQBAL/TWOMBLY* STANDARD........................................................................................9

IV. CONCLUSION..................................................................................................................12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................... *passim*

*Atlas IP, LLC v. Exelon Corp.*,
    189 F. Supp. 3d 768, 775 (N.D. Ill. 2016) .................................................................. 2, 6, 8, 9

*Atlas IP LLC v. Pac. Gas. & Elec. Co.*,
    No. 15-cv-05469, 2016 U.S. Dist. LEXIS 60211 (N.D. Cal. Mar. 9, 2016) .............................. 9

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................... *passim*

*Big Baboon, Inc. v. SAP Am., Inc.*,
    No. 17-cv-02082-HSG, 2018 U.S. Dist. LEXIS 45805 (N.D. Cal. Mar. 20, 2018) ................... 1

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012) ............................................................................................. 2

*CG Tech. Dev., LLC v. Draftkings, Inc.*,
    No. 2:16-cv-00781, 2016 U.S. Dist. LEXIS 171426 (D. Nev. Dec. 12, 2016) ......................... 8

*Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*,
    319 F.R.D. 269 (N.D. Cal. 2017) .................................................................................. 7, 8, 9

*Cross Med. Prods. v. Medtronic Sofamor Danek, Inc.*,
    424 F.3d 1293 (Fed. Cir. 2005) ....................................................................................... 9, 12

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
    No. 2017-1483, 2018 U.S. App. LEXIS 11231 (Fed. Cir. May 1, 2018) ................................ 7

*John Keeler & Co. v. Heron Point Seafood, Inc.*,
    No. 1:14 CV 1652, 2017 U.S. Dist. LEXIS 138010 (N.D. Ohio Aug. 28, 2017)
    ............................................................................................................................................. 7

*Juno Therapeutics, Inc. v. Kite Pharma*,
    No. 17-cv-07639-SJO-RAOx, 2018 U.S. Dist. LEXIS 52362 (C.D. Cal. Mar. 8, 2018) .......... 2

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*,
    714 F.3d 1277 (Fed. Cir. 2013) ............................................................................................. 2

*Lifetime Indus. v. Trim-Lok, Inc.*,
   869 F.3d 1372 (Fed. Cir. 2017)..............................................................................................2, 3

*Midwest Ath. & Sports Alliance LLC v. Xerox Corp.*,
   No. 8:17-cv-478, 2018 U.S. Dist. LEXIS 45002 (D. Neb. Mar. 20, 2018) ................................2

*McZeal v. Sprint Nextel Corp.*,
   501 F.3d 1354 (Fed. Cir. 2007)..................................................................................................2

*Nalco Co. v. Chem-Mod, LLC*,
   883 F.3d 1337 (Fed. Cir. 2018)......................................................................................... *passim*

*Novitaz, Inc. v. inMarket Media, LLC*,
   No. 16-cv-06795, 2017 U.S. Dist. LEXIS 81491 (N.D. Cal. May 26, 2017)..................7, 9, 12

*Phonometrics, Inc. v. Hosp. Franchise Sys.*,
   203 F.3d 790 (Fed. Cir. 2000).....................................................................................................2

*Robern, Inc. v. Glasscrafters, Inc.*,
   206 F. Supp. 3d 1005, 1011 (D.N.J. 2016) ............................................................................2, 8

**Other Authorities**

Rule 12(b)(6)................................................................................................................5, 6, 7, 12

I.   INTRODUCTION

Plaintiffs Dentsply Sirona, Inc. and Tulsa Dentsply Products LLC d/b/a Dentsply Sirona Endodontics' (collectively, "Plaintiffs") opposition (Dkt. No. 104, hereinafter, "Pls. Opp'n") to Defendants Edge Endo, LLC's and US Endodontics, LLC's (collectively, "Defendants") motion to dismiss is riddled with misstatements of law and mischaracterizations of Defendants' position concerning the failure of Plaintiffs' Second Amended Complaint ("SAC") to meet the requisite pleading standards as articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).

As detailed in Defendants' opening memorandum (Dkt. No. 91-1, hereinafter "Defs. Mem."), Plaintiffs' SAC fails to give Defendants "fair notice" of what Plaintiffs' claims are and the grounds upon which they rest. *Bell Atl. Corp.*, 550 U.S. at 555. The deficiencies of Plaintiffs' SAC are highlighted by the chart provided in Plaintiffs' opposition brief, in which Plaintiffs' allegations are couched in broad generalities devoid of factual information required to recite a plausible claim for relief. Pls. Opp'n, pp. 11-14. Claim 1 of each of the asserted patents requires a specific geometry and structure, which must be found in an endodontic file to support a claim of infringement. Rather than point to where the claimed geometry and structures are allegedly found in Defendants' accused EdgeTaper Encore endodontic file, Plaintiffs simply refer to a picture of the entire file and assert that the identified claimed elements are satisfied. This is plainly insufficient.

II.   A COMPLAINT FOR PATENT INFRINGEMENT MUST COMPLY WITH *IQBAL/TWOMBLY*

After the abrogation of Form 18 on December 1, 2015, a complaint alleging patent infringement is required to comply with the *Iqbal/Twombly* pleading standard. *See, e.g., Big*

*Baboon, Inc. v. SAP Am., Inc.,* No. 17-cv-02082-HSG, 2018 U.S. Dist. LEXIS 45805, at *5 (N.D. Cal. Mar. 20, 2018); *Midwest Ath. & Sports Alliance LLC v. Xerox Corp.*, No. 8:17-cv-478, 2018 U.S. Dist. LEXIS 45002, at *3 (D. Neb. Mar. 20, 2018); *Juno Therapeutics, Inc. v. Kite Pharma*, No. 17-cv-07639-SJO-RAOx, 2018 U.S. Dist. LEXIS 52362, at *6-7 (C.D. Cal. Mar. 8, 2018); *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016); *Robern, Inc. v. Glasscrafters, Inc.*, 206 F. Supp. 3d 1005, 1011 (D.N.J. 2016); Defs. Mem., p. 9, n.4 (listing cases).

Plaintiffs cite six Federal Circuit cases for the proposition "that plaintiffs need not plead each claim element with particularity." Pls. Opp'n, p. 9. However, four of the six cited cases—*Phonometrics, Inc. v. Hosp. Franchise Sys.*, 203 F.3d 790 (Fed. Cir. 2000), *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007), *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323 (Fed. Cir. 2012), and *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277 (Fed. Cir. 2013)—were decided before Form 18 was abrogated, and are thus irrelevant in determining the post-abrogation pleading standard. Although the remaining two cited cases—*Lifetime Indus. v. Trim-Lok, Inc.*, 869 F.3d 1372 (Fed. Cir. 2017) and *Nalco Co. v. Chem-Mod, LLC,* 883 F.3d 1337 (Fed. Cir. 2018)—were decided after Form 18 was abrogated, they too fail to support Plaintiffs' position.

Regarding *Lifetime*, Plaintiffs state that "[l]ast year, the Federal Circuit affirmed that traditional pleading principles remain in force." Pls. Opp'n, p. 8. However, Plaintiffs fail to mention that, given the limited question at issue, the Federal Circuit specifically stated that it did not need to resolve the question of whether there is a difference between the pleading standard of

Form 18, which did not require a plaintiff to identify where each element of at least one claim can be found in an accused product, and *Iqbal/Twombly*. *Lifetime*, 869 F.3d at 1377.

Plaintiffs then misapply the holding in *Lifetime* in arguing that "the Court considered the defendant's demands for detailed fact pleading—much like those at issue here—and summarily dismissed those arguments, holding that '[the defendant's] complaints concerning lack of detail ask for too much.'" Pls Opp'n, p. 8. In *Lifetime*, the patent claims at issue were directed to a seal for sealing an extensible portion of a recreational vehicle (RV). The sole question before the Federal Circuit was whether the district court erred in rendering its "decision relating to direct infringement," which "turned on the fact that the claims of the . . . patent require both a seal and an RV, but [defendant] only manufactures seals." *Lifetime*, 869 F.3d at 1378. The district court's decision was deemed erroneous because: "Although [plaintiff] did not allege that [defendant] *made* the RV onto which it installed the seal, [plaintiff] did allege that [defendant] *installed* the seal onto the RV; that is, [plaintiff] alleged that [defendant] made an infringing seal-RV combination." *Id.* at 1378 (emphasis added).

The Federal Circuit further explained that "[i]t is important to note that the limited scope of the district court's decision similarly limits [its] own review," referring to the fact that "[the district court's] decision to dismiss [plaintiff's] direct infringement count was based solely on the conclusion that [defendant] only made one component of the patented invention." *Id*. at 1379. Regarding the level of detail required for a plaintiff to properly plead the elements of direct infringement, which is the question at issue here, the Federal Circuit held "[w]e need not, and do not, express any other opinion relating to the level of detail contained in [plaintiff's Second Amended Complaint]." *Id*. Additionally, the complaint at issue in *Lifetime* provided far more

3

detail than the information provided here in Plaintiffs' SAC. Each element of the claimed seal was specifically identified in the accused product in an exhibit annexed to the complaint. *See, e.g.*, Reply Declaration of Jeffrey S. Ginsberg, Ex. 5, ¶ 27 and Ex. B thereto (*Lifetime Industries v. Trim-Lok*, Case No. 3:13-cv-00819, Dkt. No. 32 (N.D. Ind. Oct. 13, 2014)).[1] By contrast, even in the chart that Plaintiffs provide in their opposition, which is <u>not</u> included in their SAC, Plaintiffs fail to identify where numerous claim elements are alleged to be found in Defendants' accused EdgeTaper Encore file. Pls. Opp'n, pp. 11-14.

Turning to *Nalco*, as an initial matter, Plaintiffs blatantly contradict themselves by first arguing that Defendants ignore the *Nalco* decision, Pls. Opp'n, p. 1, and then, on the next page, arguing that while Defendants identify *Nalco* as being inapposite, Defendants do not provide "further explanation," *id.* at 2. Defendants, however, made clear that the reasons *Nalco* is inapposite are explained in Defendants' Response to Plaintiffs' Notice of Supplemental Authority (Dkt. No. 69). Defs. Mem., p. 1, n.1. Plaintiffs even twice acknowledge Defendants' Response to Plaintiffs' Notice of Supplemental Authority, Pls. Opp'n, pp. 2, 6, but ultimately fail to respond to Defendants' discussion of *Nalco*, which is provided in further detail below. Notably, Plaintiffs' opposition contains no discussion of the facts in *Nalco*. Instead, Plaintiffs provide quotes from *Nalco* taken out of context, and ignore the inescapable truth that, under any objective reading, the facts and the issue in that case are not remotely similar to those in this case.

In *Nalco*, the plaintiff's allegations were supported by "detailed infringement contentions" that the complaint explicitly incorporated by reference, among other evidence. *Nalco*, 883 F.3d at 1344, 1354. Accordingly, as the Federal Circuit noted:

---

[1] Filed herewith.

> "Defendants do not seem to challenge that Nalco met the notice requirement of FRCP Rule 8 or the pleading standard required under *Twombly* and *Iqbal*. Instead, Defendants assert that Nalco's infringement claims simply are not plausible because 'a party may plead itself out of court by pleading facts that establish an impenetrable defense to its claims.' Defendants contend that Nalco has done just this."

*Id.* at 1347-48 (citation omitted). The patent claims at issue required a step of "injecting a bromide compound that is a thermolabile bromine precursor into [a] flue gas to effect oxidation of elemental mercury to a mercuric bromide." *Id.* at 1342-43. The plaintiff "assert[ed] two main theories of direct infringement—each *explaining how* use of the [accused process] could plausibly involve injecting a thermolabile bromine precursor into coal combustion flue gas." *Id.* at 1348 (emphasis added).

The defendants' objections to plaintiff's first theory of infringement, the Federal Circuit noted, "read like classic [patent claim construction] arguments," which are "not suitable for resolution on a motion to dismiss." *Id.* at 1349. The defendants also objected to that infringement theory based on an "admission" that plaintiff allegedly made before the Patent and Trademark Office during an *inter partes* reexamination of the patent, which the defendants argued compelled the conclusion that they did not infringe the patent. *Id.* "Resolution of that dispute," the Federal Circuit explained, "is particularly inappropriate in the Rule 12(b)(6) context." *Id.* As for the plaintiff's second theory of infringement, the only argument the defendants made is that the thermolabile bromine precursor in their accused process could not survive the extreme heat of the combustion areas of the furnace without decomposing, and thus, could not reach the flue. *Id.* at 1350. But, as the Federal Circuit noted, the defendants did not explain "why [the Federal Circuit] should—or could—make such a finding at this stage in light of [the plaintiff's] explicit pleadings to the contrary." *Id.* In contrast, in bringing the present motion, Defendants are not

5

challenging the merits of Plaintiffs' infringement theories, as Plaintiffs acknowledge in their opposition. *See* Pls. Opp'n, pp. 4, 17.  Instead, Defendants are challenging the sufficiency of Plaintiffs' SAC in meeting the pleading standard of *Twombly* and *Iqbal* (which is properly the subject of a Rule 12(b)(6) motion). Indeed, the defendants in *Nalco* had the ability to challenge the merits of the plaintiff's infringement theories because, unlike here, the plaintiff had seemingly met the pleading standard.

Plaintiffs are wrong in loosely reading *Nalco* to have "made clear that the district court's element-by-element analysis of the complaint was misguided." Pls. Opp'n at 8. The district court's reversible error was its failure to credit the plaintiff's allegations as true. *Nalco*, 883 F.3d at 1350. In reversing the district court's dismissal of the complaint and addressing the defendants' attempts to argue the merits, the Federal Circuit explained that the "purpose of a motion to dismiss is to *test the sufficiency of the complaint*, *not to decide the merits*" and that a plaintiff "need not prove its case at the pleading stage." *Id.* at 1350. Against this backdrop, which Plaintiffs failed to discuss in their opposition, it is clear what the Federal Circuit meant when it made the statement that is oft-repeated in Plaintiffs' opposition. Pls. Opp'n, pp. 1, 9, 10 ("the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met") (quoting *Nalco*, 883 F.3d at 1350). It meant merely that a plaintiff need not *prove* that each element of an asserted claim is met; it did not mean that a plaintiff need not address every element of an asserted claim in its complaint with sufficient factual allegations. Accordingly, Plaintiffs are also wrong in arguing that the cases upon which Defendants rely (for example, *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016) and *Novitaz, Inc. v. inMarket Media, LLC*, No. 16-cv-06795, 2017 U.S. Dist. LEXIS

6

81491 (N.D. Cal. May 26, 2017)) "appear to be abrogated" or "appear[] to be undermined" by *Nalco*. Pls. Opp'n, pp. 10-11, 16.

Defendants do not, as Plaintiffs allege, advocate for a "hyper-technical pleading standard," or argue that Plaintiffs must "prove its case at the pleading stage." Rather, under the *Iqbal/Twombly* pleading standard, a complaint should be dismissed under Rule 12(b)(6) when it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 555 (citation omitted). As explained in Defendants' opening memorandum and in this reply brief, Plaintiffs' SAC fails to provide the requisite notice that Defendants' accused products meet numerous limitations in claim 1 of each of the asserted patents, which are the sole claims identified.

Defendants note that in a recent decision, *Disc Disease Sols. Inc. v. VGH Sols., Inc.,* No. 2017-1483, 2018 U.S. App. LEXIS 11231 (Fed. Cir. May 1, 2018), the Federal Circuit considered whether a complaint met the *Iqbal*/*Twombly* pleading standards by attaching photos of a product of the accused product and alleging that the products meet each and every element of at least one claim of each of the patents-in-suit. The Federal Circuit found that it did, because that "case involve[d] a simple technology." *Disc Disease*, at *8. But in cases like the present one, where the claim language is confusing and complex, more is needed to comply with the requisite pleading requirements. This was confirmed in *John Keeler & Co. v. Heron Point Seafood, Inc.*, No. 1:14 CV 1652, 2017 U.S. Dist. LEXIS 138010, at *10-11 (N.D. Ohio Aug. 28, 2017), a case upon which Plaintiffs rely. *See also Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*, 319 F.R.D. 269, 272 (N.D. Cal. 2017) (rejecting proposition that the mere identification of an accused product and recitation of an asserted claim limitation—coupled with a conclusory assertion that

7

the former meets the latter—satisfies *Iqbal/Twombly*); *Atlas IP, LLC*, 189 F.Supp. 3d at 775 (the format of the allegations must depend, among other things, on the complexity of the patent).

As Defendants anticipated, Plaintiffs attempt to excuse their insufficient pleading by noting that they have served infringement contentions. Pls. Opp'n, p. 4, n.2. However, that Plaintiffs served infringement contentions does not change the pleading standards, and Plaintiffs make no attempt to distinguish the cases Defendants cited in support of this proposition.[2] Defs. Mem., p. 16, n.10 (citing *Comcast Cable Commc'ns*, 319 F.R.D. at 275; *CG Tech. Dev., LLC v. Draftkings, Inc.*, No. 2:16-cv-00781, 2016 U.S. Dist. LEXIS 171426, at *12-14 (D. Nev. Dec. 12, 2016); *Robern, Inc.,* 206 F. Supp. 3d at 1011). Acknowledging that "a motion to dismiss tests the sufficiency of the allegations in the Complaint," Plaintiffs state that they "cite the service of infringement contentions only to show that there exists a more appropriate vehicle by which an accused infringer may obtain the more detailed information Defendants seek in their motion." Pls. Opp'n, p. 4, n.2. Such point has little, if any, legal significance to Defendants' motion, especially because even Plaintiffs' infringement contentions are deficient. Defs. Mem., pp. 16-17, n.10 (citing Ginsberg Decl., Ex. 4). Plaintiffs respond by merely noting that Defendants "have not moved to compel more detailed infringement contentions and have instead served responsive

---

[2] Plaintiffs also argue, without support, that requiring the same level of detail in a complaint would make the exchange of infringement contentions superfluous. Pls. Opp'n, p. 4, n.2. This is incorrect and Plaintiffs know this. The applicable pleading requirements for a patent infringement complaint require a plaintiff to provide sufficient detail with respect to at least one claim of each asserted patent to provide a defendant with fair notice of the grounds of the allegations. In their infringement contentions, Plaintiffs were required to identify (i) each and every one of the seventy-two (72) claims in the four patents that they allege Defendants' accused products infringe, including where each element of each asserted claim is alleged to be found in the accused products; (ii) whether the alleged infringement is literal or falls under the doctrine of equivalents, and (iii) the priority dates for the asserted claims. *See* Dkt. No. 56, p. 2.

8

non-infringement contentions," but notably, they do not (and cannot) attempt to discuss how their infringement contentions are sufficient. Pls. Opp'n, p. 4, n.2.

### III. PLAINTIFFS' SECOND AMENDED COMPLAINT FAILS TO MEET THE *IQBAL/TWOMBLY* STANDARD

A properly pleaded complaint for patent infringement must "allege facts about each element." *See Atlas IP, LLC*, 189 F. Supp. 3d at 775; *Novitaz, Inc. v. inMarket Media, LLC*, No. 16-cv-06795, 2017 U.S. Dist. LEXIS 81491, at *6-7 (N.D. Cal. May 26, 2017). To prevail, a patent infringement plaintiff must prove "that each and every limitation set forth in a claim appears in an accused product." *Cross Med. Prods. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1310 (Fed. Cir. 2005) (citations omitted). Thus, "if a complaint does not contain factual allegations that would permit a court to infer that a required element of the patent claim was satisfied, it is hard to see how infringement would be 'probable.'" *Novitaz*, 2017 U.S. Dist. LEXIS 81491, at *8-9.

In an apparent acknowledgement that the SAC does not identify where numerous elements can be found in Defendants' accused products, Plaintiffs assert that they have alleged such elements are contained in the accused products and that this is all they are required to do. *See* Pls. Opp'n, pp. 3, 11. Plaintiffs are wrong, as their bare-bones pleading fails to put Defendants on "fair notice" of Plaintiffs' allegations. *See Comcast Cable Commc'ns*, 319 F.R.D. at 272; *Novitaz*, 2017 U.S. Dist. LEXIS 81491, at *13; *Atlas IP LLC v. Pac. Gas. & Elec. Co.*, No. 15-cv-05469, 2016 U.S. Dist. LEXIS 60211, at *7-8 (N.D. Cal. Mar. 9, 2016); Defs. Mem., p. 15, n.9 (listing cases).

Similarly, Plaintiffs' alternative argument that the SAC provides sufficient allegations to support an "inference that every element of at least one claim in each asserted patent is satisfied,"

*see* Pls. Opp'n, p. 11, is wrong, especially in view of the complex nature of the claim terms at issue. In attempted support of their argument, Plaintiffs provide a chart in their opposition brief that does not appear in their SAC. As an initial matter, the chart does not include reference to each element of claim 1 of each of the asserted patents. Further, even for the few claim elements that are included, Plaintiffs fail to identify where they appear in the accused product.

      For example, Plaintiffs rely on the chart to assert that they have properly pleaded the element of claim 1 of each of the '504, '056, and '803 patents that recites "a shank configured for attachment to a motor to rotate the endodontic instrument about an axis of rotation." Pls. Opp'n, pp. 11-12 (citing SAC, ¶ 31). Plaintiffs argue that "[a]s Defendant is well aware, both the Accused Device and ProTaper Next are rotary file systems meaning they are design [*sic*] to be operated with a hand motor to rotate that file during use. The files therefore have a shank portion adapted for attachment to the motor." *Id*. Plaintiffs then refer to an undefined "top portion" in photographs of the entire EdgeTaper Encore files, leaving Defendants with no notice as to the specific portion Plaintiffs allege is the shank. *Id.* Similarly, Plaintiffs simply refer to pictures of the entire EdgeTaper Encore files to argue that they properly pleaded that the accused files each include the claimed "body" and "working surface," and that they properly pleaded the claimed requirement that the body of each of the accused files "has a plurality of transverse cross-sections with centers of mass, together defining a center of mass path of the body," without actually identifying any of these elements in the accused files. *Id*. at 12 (citing SAC, ¶¶ 37, 38). There is no legitimate reason for Plaintiffs to have failed to specifically call out the portions of the accused file that they allege satisfy the shank, body, working surface and center of mass path limitations that appear in claim 1 of each of the '504, '056, and '803 patents. Similarly, regarding

the limitation in that '504 patent regarding "swagger" and the limitations in the '504 and '803 patents reciting "one or more [cutting] edges of the multiple [cutting] edges being out of contact with a wall of the endodontic cavity space," Plaintiffs merely parrot the claim language in the SAC. *Id.* at 13-14 (citing SAC, ¶¶ 39, 40). This is insufficient.

By way of an additional example, Plaintiffs argue that they properly pleaded elements from claim 1 of the '696 patent requiring "a tapered rod defined by a single continuous taper function," an "active part" of which is required to be defined by "an envelope of a cylindrical or conical shape along its entire length, the longitudinal axis of the envelope coinciding with the axis of rotation of the instrument." by quoting allegations in the SAC that the EdgeTaper Encore files are tapered and have an active part forming at least two cutting edges, with the active part terminating at a point and being defined by an envelope of a cylindrical or conical shape. Pls. Opp'n, p. 14 (quoting SAC, ¶ 42.). This too is insufficient as the single continuous taper function is not even mentioned, let alone identified on the accused file, and neither the active part nor the envelope is identified on the accused file.

With respect to the requirement of claim 1 of the '696 patent that "said active part has a first portion extending from the point and a second portion extending following the first portion towards the rear of the active part," Plaintiffs' SAC merely restates the claim language and asserts that the accused products "have a first portion extending from the point and a second portion extending following the first portion towards the rear of the active part" and have "at least two cutting edges defined by the cross-section of the first portion [that] are located on the envelope." Pls. Opp'n, p. 14 (quoting SAC, ¶ 43.). Plaintiffs do not identify where in the accused product the "first" or "second" portions are alleged to start and end. Accordingly, the SAC fails

11

to provide notice as to how Plaintiffs are accusing Defendants' products of infringement, including which portions of the accused files are alleged to meet the later limitations of claim 1 of the '696 patent that require a first portion of the active part of the instrument to have "a center of mass located on the axis of rotation" and a second portion to have "a center of mass offset with respect to the axis of rotation."

Defendants are not, as Plaintiffs allege, making a trivial request where "a simple inspection of the Accused Product, such as the photograph contained in paragraph 30 of the Second Amended Complaint, reveals that each instrument has a tip end (at the bottom), a shank end (at the top), and a body (in between)." Pls. Opp'n, p. 3. Each of the various regions and geometries in the asserted patent claims are required to interact with one another in a specific manner, for example, to define a "center of mass path." In light of the complex and confusing nature of the claim language, Plaintiffs are required to provide more than bare-bones assertions that the claim limitations are satisfied in order to state a plausible claim for relief. This by no means is an insignificant matter as infringement requires that each and every element of a patent claim be found in the accused product. *See Cross Med. Prods.*, 424 F.3d at 1310.

Plaintiffs' SAC fails to contain sufficient allegations to reasonably infer that numerous required elements of claim 1 can be found in the accused files and, therefore, should be dismissed. *Novitaz*, 2017 U.S. Dist. LEXIS 81491, at *8-9.

### IV.    CONCLUSION

For the reasons stated in Defendants' opening memorandum of law and in this reply brief, the Court should grant Defendants' motion to dismiss Plaintiffs' complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Date: May 8, 2018 Respectfully submitted,

*/s/ Jeffrey S. Ginsberg*

Richard W. Hughes
Reed C. Bienvenu
**ROTHSTEIN DONATELLI LLP**
Post Office Box 8180
1215 Paseo de Peralta
Santa Fe, New Mexico 87501
(505) 988-8004
rwhughes@rothsteinlaw.com
rbienvenu@rothsteinlaw.com

Jeffrey S. Ginsberg
Abhishek Bapna
Joshua Furman
**PATTERSON BELKNAP WEBB & TYLER LLP**
1133 Avenue of the Americas
New York, NY 10036-6710
(212) 336-2000
jginsberg@pbwt.com
abapna@pbwt.com
jfurman@pbwt.com

***Attorneys for Defendants Edge Endo, LLC and US Endodontics., LLC***

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 8th day of May, 2018, I filed the foregoing memorandum and attachments using CM/ECF which caused all parties or counsel to this case to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

      */s/ Jeffrey S. Ginsberg*