# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DENTSPLY SIRONA, INC, and
TULSA DENTAL PRODUCTS LLC,
*doing business as Dentsply Sirona Endodontics,*

      Plaintiffs,

      v.                                              Case No. 1:17-cv-01041 WJ/SCY

EDGE ENDO, LLC, and
US ENDODONTICS, LLC

      Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING *INTER PARTES* REVIEW

**THIS MATTER** comes before the Court upon Defendants' Motion to Stay Proceedings Pending *Inter Partes* Review, filed July 10, 2018 **(Doc. 147).** Having reviewed the parties' briefs and applicable law, the Court finds that Defendants' Motion is well-taken and, therefore, is **GRANTED**. This matter is therefore **STAYED** pending *inter partes* review.

## BACKGROUND

Plaintiffs and Defendants design and sell endodontic drill files. Plaintiffs filed this patent infringement case on October 10, 2017, alleging that Defendants infringed upon four published patents.

The Leahy–Smith America Invents Act ("AIA"), Pub.L. No. 112–29, § 6(a), 125 Stat. 284, 299–304 (2011), codified at 35 U.S.C. §§ 311–319 (2013), allows parties to submit petitions for *inter partes* review to the U.S. Patent Trademark Office, challenging the validity of patent claims on certain limited grounds. The purpose of *inter partes* review is to create a more

efficient, cost-effective alternative to litigation. *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1024 (N.D. Cal. 2014).

On June 29 and July 3 2018, Defendants filed four petitions with the U.S. Patent and Trademark Office for *inter partes* review ("IPR") by the Patent Trial and Appeal Board ("PTAB"). Defendants' IPR petitions challenge the patentability of every asserted patent claim in this case, on multiple grounds, including prior public art. **Doc. 149, at ¶ 7-9.**

The PTAB will decide whether to institute *inter partes* review in January 2019. Defendants filed this motion to stay this case on July 10, 2018.

## DISCUSSION

A decision whether to grant a stay pending *inter partes* review is made under the totality of the circumstances. *Universal Electronics, Inc. v. Universal Remote Control, Inc.,* 943 F.Supp.2d 1028, 1031 (C.D.Cal.2013), *cited in Wonderland Nursery Goods Co. v. Baby Trend, Inc.*, 2015 WL 1809309, at *2 (C.D. Cal. Apr. 20, 2015).[1] To determine whether to stay a case pending *inter partes* review, district courts typically consider "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. *Digital Ally, Inc. v. Taser Int'l, Inc.*, No. 16-CV-2032-CM-TJJ, 2017 WL 1048351, at *2 (D. Kan. Mar. 20, 2017); *Drink Tanks Corp. v. Growlerworks, Inc.*, No. 3:16-cv-410-SI, 2016 WL 3844209, at *2 (D. Or. July 15, 2016).

### I. First Factor: Case Progress.

---

[1] The parties generally did not cite to any controlling case law, apparently because a stay order under these circumstances is generally not reviewable. *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016). Therefore, the Court must generally rely on persuasive authority.

Under this first factor, courts typically consider "(1) whether parties have engaged in costly expert discovery and dispositive motion practice…. (2) whether the court has issued its claim construction order…and (3) whether the court has set a trial date." *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025–26 (N.D. Cal. 2014) (internal citations omitted); *Nichia Corp. v. Vizio, Inc.*, 2018 WL 2448098, at *2 (C.D. Cal. May 21, 2018) (courts consider timing issues such as "whether discovery is complete," "the status of claim construction," and "whether a trial date has been set.").

Here, substantial and costly work remains in this case, including a claim construction ("*Markman*") hearing, document production and review, all depositions, expert discovery, and dispositive motion practice. *See Surfcast, Inc. v. Microsoft Corp.*, No. 2:12-cv-333-JDL, 2014 WL 6388489, at *2 (D. Me. Nov. 14, 2014) (focus is on volume of work remaining before trial, not progress that has already been made).

Plaintiffs argue that much progress has already been made in this case. When the motion to stay was filed, this case was pending for nine months. Plaintiffs point out that significant discovery had already occurred, and claim construction has been briefed. Although progress has been made in this case, the substantial and significant work *remaining* in this case weighs toward granting the stay. *See PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1026–27 (N.D. Cal. 2014) (focusing on cost of remaining work in case); *Microsoft Corp. v. Tivo Inc.*, Case No. 10-cv-00240-LHK, 2011 WL 1748428, at *6 (N.D. Cal. May 6, 2011) (finding that the stage of the litigation weighed in favor of a stay where the parties had exchanged initial disclosures, interrogatory responses, and document discovery, but no depositions had been taken and no expert reports had been exchanged); *see also Digital Ally, Inc. v. Taser Int'l, Inc.*, No. 16-CV-2032-CM-TJJ, 2017 WL 1048351, at *2 (D. Kan. Mar. 20, 2017) (stay granted although case

had been litigated vigorously for over a year, including significant discovery and claim construction statements.)

Moreover, although claim construction has been briefed, that is not dispositive. No claim construction order has been issued. These circumstances lean toward a stay. *Nichia Corp. v. Vizio, Inc.*, 2018 WL 2448098, at *2 (C.D. Cal. May 21, 2018) (even though claim construction briefs were filed, significant litigation remained, including the *Markman* hearing, expert discovery, and trial preparation, which favored a stay); *Wonderland Nursery Goods Co.*, 2015 WL 1809309, at *3 ("although the parties [had] submitted claim construction briefs, the *Markman* hearing has not yet taken place and no disputed claim terms have been construed by this Court.").

Plaintiff also argues that this case would likely be finished within 2 years of its start date, before any decision is issued on the IPR petitions. Based on the parties' litigiousness, and the complex issues before the Court in this case, the Court disagrees that this case could be tried and finished before an IPR decision is issued. This Court is in a southwest border district with many criminal cases that take priority. The Court finds that Plaintiffs' affidavit detailing the average case completion time in this district is based on outdated data (or data that will be outdated soon). The District of New Mexico is now down two district judges. Criminal filings are exploding. The Court doubts that this case could be finished on Plaintiffs' timeline.

The Court finds that this factor weighs toward a stay.

## II.    <u>Second Factor: Simplification of Issues</u>.

The Court next considers "whether a stay will simplify the issues in question and trial of the case." *Universal Electronics, Inc.*, 943 F. Supp. 2d at 1032, *quoted in Nichia Corp. v. Vizio,*

*Inc.*, 2018 WL 2448098, at *2 (C.D. Cal. May 21, 2018). Generally, IPR could simplify the issues as follows:

> [i]f the PTAB cancels all of the asserted claims, this action will be rendered moot. If the PTAB cancels or narrows a portion of the asserted claims, the scope of this litigation may be significantly reduced. Even if no patent claim is eliminated, the intrinsic record developed during the IPR may inform on issues like claim construction.

*Core Optical Techs., LLC v. Fujitsu Network Commc'ns, Inc.*, 2016 WL 7507760, at *2 (C.D. Cal. Sept. 12, 2016), *quoted in Nichia Corp. v. Vizio, Inc.*, 2018 WL 2448098, at *2 (C.D. Cal. May 21, 2018). Estoppel may also apply. *Nichia Corp.*, 2018 WL 2448098, at *2. "[A] stay is favored if PTO review would simplify or assist the court's patent validity determination or eliminate its need to try infringement claims. District courts also have favored a stay to avoid inconsistent results, to benefit from PTAB guidance, to further judicial economy, and to conserve party and judicial resources." *CANVS Corp. v. United States*, 118 Fed. Cl. 587, 592 (2014) (internal citations omitted).

### A. Review by PTAB will Simplify Issues in this Case.

For these reasons quoted above, the Court concludes that review by the PTAB will simplify issues in this case. Defendants seek to review the patentability of all four patent claims based on prior art, which are issues central to this case. *See Acqis, LLC v. EMC Corp.*, 109 F. Supp. 3d 352, 357 (D. Mass. 2015) (stay appropriate even where only 2 of eleven patents in suit and only 3 of 22 asserted claims were under review in IPR). The PTAB will either cancel all or some of the patent claims, or provide claim construction for disputed terms.

Plaintiffs argue that issues raised in the IPR petitions are not generally covered by the estoppel provisions in 35 USC § 315(e)(2). Generally, estoppel under § 315(e)(2) applies "on any ground that the petitioner raised or reasonably could have raised during that *inter partes* review." *Id.* The Court finds that at least some issues in this case will be covered by the estoppel

provision, which will simplify the case. *See Corel Software, LLC v. Microsoft Corp.*, 2016 US Dist Lexis 112513, at *4-5 (D. Utah. Aug. 23, 2016). For example, Defendants represent that 13 out of 15 prior art defenses can be resolved by PTAB, and estoppel applied.

Plaintiffs also argue that to simplify a case, an IPR must resolve all issues in the case. If PTAB rejects Defendants' prior art defenses, Plaintiffs note that there will be other defenses the Court will have to analyze. Based on the cases cited above, the Court disagrees that PTAB must be able to resolve all issues in this case to "simplify" this case. As noted above, an IPR review need not dispose of a case completely to simplify issues. Multiple patent claims could be invalidated, and the Court will otherwise have the benefit of a more developed record. Under any outcome, "the issues in question and trial of the case will be simplified." *PersonalWeb Technologies., LLC v. Apple Inc.,* 69 F. Supp. 3d 1022, 1027-28 (N.D. Cal. 2014).

Finally, a stay will reduce the burden of litigation on the parties and the court.[2] A ruling by the PTAB could eliminate all or some of the claims, or could estop Defendants on some defenses. Plaintiffs argue that the Court would have to determine the scope of estoppel, and in fact, a review by the PTAB could increase the burden of litigation. However, it would likely be easier to apply estoppel than start anew. Moreover, the Court would likely benefit from expert findings from the PTAB. Claim construction is likely to be simplified.

Moreover, a stay will conserve resources by ensuring that the parties and the Court do not address claims that the PTAB later invalidates. *Uniloc United States of Am., Inc. v. Apple Inc*., 2018 WL 2387855, at *2 (N.D. Cal. May 25, 2018) ("Since it is possible that this Court and the PTO could reach inconsistent conclusions regarding the same patent, there is a significant concern of wasting resources by unnecessarily proceeding" with this action in parallel.").

---

[2] Plaintiffs addressed this consideration as an additional fourth factor, but most courts appear to consider this under the "simplification of issues" factor.

Thus, the Court finds that this factor weighs toward a stay.

### B. PTAB's Decision to Institute Review.

Plaintiffs argue that a stay should not be issued, because PTAB has not decided whether to institute review. That decision is expected in January 2019. The Court finds that a stay is appropriate, even though PTAB has not decided yet whether to institute review. "[T]he fact that the PTAB has not yet decided whether to institute an IPR does not require finding this factor weighs against issuing a stay." *Uniloc United States of Am., Inc. v. Apple Inc.*, No. 18-CV-00361-PJH, 2018 WL 2387855, at *2 (N.D. Cal. May 25, 2018), *citing* Fisher-Price, Inc. v. Dynacraft BSC, Inc., Case No. 17-cv-3745-PJH, 2017 WL 5153588, at *1 (N.D. Cal. Nov. 7, 2017), *and Sec. People, Inc. v. Ojmar US, LLC*, , 2015 WL 3453780, at *3 (N.D. Cal. May 29, 2015); *see also VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1316 (Fed. Cir. 2014) ("[w]hile a motion to stay could be granted even before the PTAB rules on [whether to review a patent], no doubt the case for a stay is stronger after ... review has been instituted."). If the petitions for IPR are denied, the parties may file a motion to lift stay, and the amount of time a stay would be in place is relatively short – at this point, 3 months. *Uniloc United States of Am., Inc. v. Apple Inc.*, No. 18-CV-00361-PJH, 2018 WL 2387855, at *2 (N.D. Cal. May 25, 2018).

## III. Third Factor: Undue Prejudice.

"The final factor asks whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party…[a] primary issue in an undue prejudice analysis is whether the parties are competitors such that a stay would cause irreparable harm to the patentee in the market." *Core Optical Techs., LLC*, 2016 WL 7507760, at *2, *quoted in Nichia Corp. v. Vizio, Inc.*, 2018 WL 2448098, at *3 (C.D. Cal. May 21, 2018).

### A. Dilatory Filing or Tactical Advantage.

7

Initially, the Court finds filing of the petitions for IPR was not dilatory, and there is no evidence that Defendants filed the petitions for tactical advantage. The "delay inherent to the [*inter partes* review] process does not constitute, by itself, undue prejudice." *CCP Systems AG v. Samsung Electronics Corp.*, 2010 WL 5080570, *3 (D. N.J. Dec. 7, 2010), *quoted in Corel Software, LLC v. Microsoft Corp.*, 2016 WL 4444747, at *2 (D. Utah Aug. 23, 2016).

Rather, courts consider whether defendants engaged in dilatory motives or tactics in seeking review. *Core Optical Techs., LLC v. Fujitsu Network Commc'ns, Inc.*, 2016 WL 7507760 at *3 (C.D. Cal. Sept. 12, 2016). These considerations include "the timing of the request for reexamination, the timing of the request for stay, [and] the status of the reexamination proceedings." *Bonutti Skeletal Innovs., LLC v. Zimmer Holdings, Inc.,* 2014 WL 1369721, at *2 (D.Del. Apr. 7, 2014), *quoted in CANVS Corp. v. United States*, 118 Fed. Cl. 587, 596 (2014).

Defendants have one year to seek review after being served with the complaint. 35 U.S.C. § 315(b). Absent any special circumstances, it appears that Defendants can file their petition within that year period without it necessarily being dilatory. Here, Defendants filed their petitions nine months in to this case, and allege that they considered filing six months in, but held off pending settlement discussions. The Court finds that there are no special circumstances that make Defendants' filing dilatory.

> **B.** **Direct Competition**.

Plaintiffs argue they would be unduly prejudiced, because the parties are direct competitors, and Defendants' business model relies on undercutting Plaintiffs' prices. It is undisputed that the parties are direct competitors – they sell competing endodontic drill files. This consideration generally weighs against a stay. However, there is no *per se* prohibition of a stay under these circumstances. *See , e.g., Wonderland Nursery Goods Co. v. Baby Trend, Inc.*,

2015 WL 1809309, at *4 (C.D. Cal. Apr. 20, 2015). Instead, the Court should examine "the circumstances of the case to determine if monetary damages are sufficient to compensate for harm incurred during a potential stay." *Id.*

The circumstances here tend to mitigate any undue prejudice. The parties are not the only entities in the market. Defendants represent that they are not sole competitors, rather Plaintiffs have approximately thirteen competitors in the market. Moreover, Plaintiffs have not shown that money damages would not compensate them. *Wonderland Nursery Goods Co. v. Baby Trend, Inc.*, 2015 WL 1809309, at *4 (C.D. Cal. Apr. 20, 2015) (fact that there were eleven other competitors in market and Plaintiff did not show that damages could not be compensated by money damages mitigated prejudice); *see also Sonics, Inc. v. Arteris, Inc.*, 2013 WL 503091, at *4 (N.D. Cal. Feb. 8, 2013) ("While competition based on alleged infringement can weigh against a stay under certain circumstances, Plaintiff has failed to demonstrate that competition weighs against a stay in this case.").

The Court therefore finds that this factor weighs toward a stay.

## IV. Other Pending Motions.

Defendants filed a Motion to Dismiss for Failure to State a Claim **(Doc. 91),** and Plaintiffs filed two motions to compel discovery **(Docs. 150 and 153).** After Defendants filed the motion to dismiss, they filed this motion to stay pending *inter partes* review. The landscape is likely to change following *inter partes* review, and the parties will likely wish to make changes to the motions following any decision by the PTAB. Therefore, the Court will deny all pending motions without prejudice, with leave to renew them if the stay is lifted.

## CONCLUSION

Considering the totality of the circumstances and the factors above, the Court concludes that a stay should be granted. The parties should file a motion to lift stay or otherwise seek relief after resolution of the IPR proceedings.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay Proceedings Pending *Inter Partes* Review **(Doc. 147)** is hereby **GRANTED** for reasons described in this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that this case and all deadlines herein are **STAYED** pending resolution of the *inter partes* review proceedings.

**IT IS FURTHER ORDERED** that the parties are directed to file a joint status report, or motion to lift stay if appropriate, at the completion of the *inter partes* review proceedings.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim **(Doc. 91)** is **DENIED WITHOUT PREJUDICE.** Defendants are granted leave to renew this motion, if appropriate, after the stay is lifted.

**IT IS FINALLY ORDERD** that the two motions to compel **(Docs. 150 and 153)** are **DENIED WITHOUT PREJUDICE.** The parties are granted leave to renew them, if appropriate, after the stay is lifted.

_____
CHIEF UNITED STATES DISTRICT JUDGE