## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DENTSPLY SIRONA INC and
TULSA PRODUCTS LCCS d/b/a
DENTSPLY SIRONA ENDODONTICS,

      Plaintiffs,

    v.                                    Civ. No. 17-1041 JFB/SCY

EDGE ENDO, LLC and
US ENDODONTICS, LLC

      Defendants.

## MEMORANDUM OPINION AND ORDER IN PART GRANTING MOTIONS FOR APPOINTMENT OF COMMISSIONER

**THIS MATTER** comes before the Court on two "Motions for Appointment of Commissioner, and Direction of Submission of Hague Convention Application for Authorization of the Duly Appointed Commissioner to Take Evidence Pursuant to Chapter II, Article 17 of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters": one seeking an order appointing a Commissioner to oversee discovery in Switzerland ("Swiss Motion") (Doc. 213) and the other in France ("French Motion") (Doc. 222). The Swiss Motion was filed on July 12, 2019 and fully briefed August 9, 2019. Docs. 213, 219, 223. The French Motion was filed on July 30, 2019 and fully briefed August 26, 2019. Docs. 222, 228, 230. Having considered the parties' arguments and all relevant authority, the Court grants Defendants' Motions for Appointment of Commissioner, but orders certain changes to their proposed requests for international judicial assistance, as discussed below.

## Background

Plaintiffs bring this patent infringement case alleging that Defendants infringed upon four published patents. Both parties design and sell endodontic drill files. Plaintiffs filed their Complaint on October 16, 2017, Doc. 1, an Amended Complaint on November 16, 2017, Doc. 27, and a Second Amended Complaint on March 27, 2018, Doc. 68. On January 16, 2018, the Court held a scheduling conference and entered a Scheduling Order. Doc. 47. The Scheduling Order set deadlines up to and including the filing of *Markman* briefs, including June 13, 2018 as the date for completion of discovery related to claim construction. Doc. 48. The Scheduling Order indicated that all other deadlines would be set at a later time. *Id.* at 3.

On July 10, 2018, Defendants moved to stay the case pending *inter partes* review ("IPR") by the United States Patent Office's Patent Trial and Appeal Board. Doc. 147. The Court granted the stay on October 3, 2018, Doc. 177, and lifted the stay on January 23, 2019, Doc. 179. The Court held a status conference on February 12, 2019 to discuss remaining scheduling order dates. Doc. 183. After hearing arguments from the parties regarding dates for a new scheduling order, the Court advised the parties that it would enter a scheduling order after reviewing any renewed discovery motions and after conferring with the presiding judge. *Id.* The parties submitted a Joint Notice of Renewal, indicating which pre-stay discovery motions they sought to renew. Doc. 186. The Court ruled on the one remaining discovery dispute in an Order issued April 8, 2019. Doc. 189. The presiding judge, the Honorable Joseph F. Bataillon, held a *Markman* hearing on June 17, 2019, Doc. 205, and issued a *Markman* Order on August 29, 2019, Doc. 237.

Defendants now assert that they need discovery from two corporations, one located in Switzerland and the other in France. The Swiss discovery request relates to Defendants' defense of prior art by the EndoSequence file. The EndoSequence file is manufactured by FKG Dentaire,

SA ("FKG"), a Swiss corporation, and sold by Peter Brasseler Holdings, LLC ("Brasseler") in the United States. The French discovery request relates to Defendants' defense of prior art by the Revo-S file. The Revo-S file is manufactured by Micro-Gega, a French corporation, and sold by Medidenta in the United States. Because the laws of both Switzerland and France can prohibit the taking of evidence for the purpose of foreign civil proceedings absent compliance with treaties or international agreements, Defendants request that the Court appoint a Commissioner to oversee discovery in each country in accordance with Chapter II, Article 17 of the Hague Convention. To comply with the procedure outline by the Hague Convention, Defendants attached to their motions proposed Orders Appointing Commissioner to Take Evidence Pursuant to Chapter II, Article 17 of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("proposed order"), Docs. 213-2 & 222-2, and proposed Requests for International Judicial Assistance (Approval of a Commissioner Pursuant to Chapter II, Article 17 of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters) ("proposed request"), Docs. 213-3 & 222-3.

## Analysis

Plaintiffs do not dispute the procedure outlined by Defendants for following the Hague convention. Rather, they dispute the timeliness and fairness of Defendants' requests. Except where noted, Defendants and Plaintiffs submit similar arguments for both motions, so the Court will address the motions together.

1. **Defendants' discovery requests are timely.**

Plaintiffs object to both discovery requests on the basis that they are untimely. To this end, Plaintiffs repeatedly argue that Defendants knew early in the case that they would need this discovery: "Defendants have known since at least March 15, 2018, that they intended to assert

the EndoSequence file as prior art in this litigation because they included the file in their Preliminary Invalidity Disclosures," Doc. 219 at 5; "Defendants certainly knew as of the February 1, 2019 date of their subpoena to Brasseler that FKG manufactures EndoSequence because Defendants identified FKG in that subpoena," *id.*; "Defendants have known since April 30, 2019, that Brasseler was unable to provide evidence of the prior art status of the EndoSequence file," Doc. 219 at 6; "Defendants have known since at least March 15, 2018, that they intend to assert the Revo-S file as prior art in this litigation because they included the file in their Preliminary Invalidity Disclosures," Doc. 228 at 5; "Defendants certainly knew as of the January 29, 2019 date of their subpoenas to Medidenta that Micro-Mega manufactures Revo-S because Defendants identified Micro-Mega in those subpoenas," *id.*; "Defendants have known since March 6, 2019, that Medidenta was unable to provide evidence of the prior art status of the Revo-D files," *id.* at 6. Yet, Plaintiffs argue, Defendants failed to request this discovery until July 2019.

Even accepting Plaintiffs' allegations that Defendants did not request this specific discovery as promptly as possible, the Court does not find that their request is untimely. There is currently no discovery deadline in this case following the stay. Plaintiffs assert that granting the instant motions would "de facto extend the close of the fact discovery deadline to more than two years after the date that Plaintiffs filed their complaint in this action." Doc. 219 at 7-8. While the Court is sympathetic to Plaintiffs' desire to move this case forward, much of the delay is not attributable to Defendants. Instead, it is partly attributable to the stay the Court imposed pending a decision on the IPR filing. Additionally, as Chief Judge Johnson recently pointed out, this District is operating with a congested civil docket due to vacancies in three of the seven district

judge positions, two of which have been vacant for over a year.[1] *Dine Citizens Against Ruining our Env't v. Bernhardt*, No. 19-cv-703 WJ/JFR, CM/ECF Doc. 60 at 2 (D.N.M. Aug. 28, 2019). While Plaintiffs pointed to Judge Bataillon's statement at the *Markman* hearing that this case would get an early trial date, the fact is that currently no trial date is set. Conducting the requested depositions in October or November would not extend the close of fact discovery or impact the trial date, as there is currently no discovery deadline and no trial date set. Further, the time expected to complete these depositions – one to two months – does not prevent the Court from setting an early trial date. Accordingly, the Court does not find that Defendants' request is untimely.[2]

Additionally, the Court only recently issued its *Markman* Order, Doc. 237, narrowing the issues moving forward. The original Scheduling Order set deadlines up to the *Markman* hearing, while noting that all remaining deadlines would be set at a later time. Doc. 48. The Court and the parties are now in a better position to evaluate the remaining discovery needs. Accordingly, the Court will hold a status conference on Thursday, October 10, 2019 at 1:30 p.m. to discuss resetting and establishing remaining case management deadlines.

2. **Defendants' discovery requests do not exclude Plaintiffs from participating as is otherwise permissible under the Federal Rules of Civil Procedure.**

With regard to the Swiss discovery, Plaintiffs assert that Defendants' request "violates the fundamental principle that parties have a presumptive right to participate in pretrial depositions because it seeks a Commission that will allow only Defendants, and not Plaintiffs, to

---

[1] Judge Bataillon's willingness to assist the District of New Mexico with its civil docket has now eased this congestion.

[2] In their response to the French Motion, Plaintiffs complain about Defendants' subpoenas served on their experts, arguing the subpoenas "improperly circumvent the expert discovery procedures outlined in the Federal Rules of Civil Procedure." Doc. 228 at 8. This issue is not properly before the Court in the current motion and so the Court will not address it.

5

ask questions." Doc. 219 at 8. Defendants, in response, explain that their request does not intend to restrict the scope of discovery that is otherwise permissible under the Federal Rules of Civil Procedure, and that Plaintiffs' "legal representatives may be present at the deposition and may ask cross-examination questions within the scope permissible under the Federal Rules." Doc. 223 at 7. Rule 30(c)(1) allows for the examination and cross-examination of a deponent to proceed as it would at trial under the Federal Rules of Evidence.

Despite Defendants' representation, their proposed Swiss request for international judicial assistance requests only that "Defendants' legal representatives be permitted to ask" certain areas of questions, "as well as any follow up questions"; "Defendants' representatives or their designees be permitted to be present during the examination"; and "Defendants' representatives be permitted to examine the Witness via video feed in the event they are not to attend the examination in person." Doc. 213-3 at 7-8. To ensure Plaintiffs are able to participate in the requested deposition, Defendants shall revise their proposed Swiss request to make clear that Plaintiffs' legal representatives are permitted to ask questions and be present during the examination as is otherwise permissible under the Federal Rules of Civil Procedure, assuming such an amendment can be made while maintaining FKG's consent to the discovery. *See* Doc. 213-3 (proposed Swiss request, noting that "FKG has given consent to giving testimony and producing document."). If this amendment alters FKG's consent, Defendants shall advise the Court so it may reevaluate Defendants' request for discovery.

Plaintiffs have a similar objection to Defendants' request for French discovery, asserting that "Defendants provide no evidence that Micro-Mega has agreed to cross-examination by Plaintiffs' counsel." Doc. 228 at 10. However, Defendants' proposed French request for international judicial assistance specifically provides the following procedure:

> Testimonial evidence will be given under oath or affirmation administered by the Commissioner . . . .
>
> As counsel for the parties are familiar with the issues, it would be efficient to allow them to conduct the questioning directly rather than to have the questioning done by the appointed Commissioner. *Therefore, the questions will be asked by counsel for the Party conducting the deposition and any other Party attending the deposition who may desire to ask questions (including during direct, cross, and redirect examination)*, without opportunity for prior review of the questions.

Doc. 222-3 at 8 (emphasis added).

The proposed French request notes that Micro-Mega voluntarily agrees to comply with the proposed document discovery but makes no parallel statement regarding testimonial evidence. Accordingly, Defendants shall revise their proposed French request for international judicial assistance to make clear that Micro-Mega also consents to providing testimonial discovery as described in the request. If Defendants are unable to secure Mico-Mega's consent, it shall advise the Court so the Court may reevaluate Defendants' request for discovery.

Finally, the Court agrees with Defendants that, to the extent Plaintiffs seek questioning outside the scope proposed by Defendants in either request, Plaintiffs are free to file their own request for discovery.

3. **Defendants shall clarify in their proposed French request for international judicial assistance that the proposed French commissioner, Alexander Blumrosen, will act as an independent commissioner.**

In their proposed request for international judicial assistance for discovery in Switzerland, Defendants propose that Blaise Stucki act as Commissioner. Doc. 213-3 at 7. Defendants explain that Mr. Stucki "has no interest in this litigation and is absolutely independent of any of the parties involved in the lawsuit pending in the United States and from any of the witnesses who are not parties in that action." *Id.* Similarly, in their proposed request for international judicial assistance for discovery in France, Defendants propose that Alexander

7

Blumrosen act as Commissioner. Doc. 222-3 at 9. Plaintiffs object to the appointment of Mr. Blumrosen because the French request makes no similar representation that Mr. Blumrosen will be an independent commissioner. In reply, Defendants assert that "Mr. Blumrosen is an independent party and does not have a financial interest in this action." Doc. 230 at 11. They further explain that "Mr. Blumrosen will have his fees paid by Defendants should the Court grant this application, much like a party noticing a deposition will pay the fees of a court reporter." *Id.* Because the Court is requiring Defendants to revise their proposed requests for international judicial assistance as discussed above, Defendants shall also revise their French request to make clear that Mr. Blumrosen has no interest in the litigation and will serve as an independent commissioner, if such representations can be made in accordance with Rule 11 of the Federal Rules of Civil Procedure.

## Conclusion

For the reasons stated above, the Court **GRANTS IN PART** Defendants' "Motions for Appointment of Commissioner, and Direction of Submission of Hague Convention Application for Authorization of the Duly Appointed Commissioner to Take Evidence Pursuant to Chapter II, Article 17 of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters." Docs. 213 & 222. Defendants shall submit their proposed "Requests for International Judicial Assistance (Approval of a Commissioner Pursuant to Chapter II, Article 17 of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters)" (currently Docs. 213-3 & 222-3) and their proposed "Orders Appointing Commissioner to Take Evidence Pursuant to Chapter II, Article 17 of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial

Matters" (currently Docs. 213-2 & 222-2) to the Court in Word format by **October 1, 2019** to Judge Yarbrough's proposed text email address at yarbroughproposedtext@nmd.uscourts.gov.

Defendants shall only make changes to the proposed requests in accordance with this order. Specifically, Defendants shall: (1) make clear in the Swiss request that Plaintiffs' legal representatives are permitted to ask question and be present during the examination as is otherwise permissible under the Federal Rules of Civil Procedure, assuming such an amendment can be made while maintaining FKG's consent to the discovery; (2) make clear in the French request that Micro-Mega also consents to providing testimonial discovery as outlined in the request, if Defendants are able to secure Mico-Mega's consent; and (3) make clear in the French request that Mr. Blumrosen has no interest in the litigation and will serve as an independent commissioner, if such representations can be made in accordance with Rule 11 of the Federal Rules of Civil Procedure. If Defendants are unable to make these changes, they shall advise the Court so that the Court may reevaluate Defendants' discovery requests.

Finally, the Court sets a telephonic status conference for Thursday**, October 10, 2019 at 1:30 p.m.** to discuss case management deadlines. The parties shall call the AT&T Conference line at (888) 808-6929 [Access Code: 8865421] to connect to the proceedings.

_____  
  STEVEN C. YARBROUGH  
  United States Magistrate Judge