IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DENTSPLY SIRONA INC and
TULSA PRODUCTS LCCS d/b/a
DENTSPLY SIRONA ENDODONTICS,

       Plaintiffs,

       v.                                 Civ. No. 17-1041 JFB/SCY

EDGE ENDO, LLC and
US ENDODONTICS, LLC

       Defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO COMPEL

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Compel the Production of Documents Withheld by Defendants Based Upon Their Improper Claims of Attorney-Client Privilege, filed August 28, 2019 and fully briefed September 26, 2019. Docs. 235, 241, 254. Having considered the parties' arguments and all relevant authority, the Court denies Plaintiffs' Motion to Compel as untimely.

## Background

Plaintiffs bring this patent infringement case alleging that Defendants infringed upon four published patents. Both parties design and sell endodontic drill files. Plaintiffs filed their Complaint on October 16, 2017, Doc. 1, an Amended Complaint on November 16, 2017, Doc. 27, and a Second Amended Complaint on March 27, 2018, Doc. 68. On January 16, 2018, the Court held a scheduling conference and entered a Scheduling Order. Doc. 47. On July 10, 2018, Defendants moved to stay the case pending *inter partes* review by the United States Patent Office's Patent Trial and Appeal Board. Doc. 147. The Court granted the stay on October 3, 2018,

Doc. 177, and subsequently lifted the stay on January 23, 2019, Doc. 179. The Court held a status conference on February 12, 2019 to discuss remaining scheduling order dates. Doc. 183. After hearing arguments from the parties regarding proposed dates, the Court advised the parties that it would enter a scheduling order after reviewing any renewed discovery motions and after conferring with the presiding judge. *Id.* The presiding judge, the Honorable Joseph F. Bataillon, held a *Markman* hearing on June 17, 2019, Doc. 205, and issued a *Markman* Order on August 29, 2019, Doc. 237.

In the instant motion, Plaintiffs seek production of certain documents withheld by Defendants. Specifically, on August 24, 2018, Defendants served Plaintiffs with a privilege log of documents they withheld from Plaintiffs based on attorney-client privilege and work product. Docs. 236-2, 241-7. Of those withheld, Plaintiffs seek production of 28 documents: privilege log entry numbers 56-58, 76-80, 82-87, 89-94, 100-104, 147, and 159-160. Those specific documents are communications either to or from Tina Dunk, which Defendants describe as "communication reflecting legal advice regarding" advertising, trademarks, or marketing campaign. Doc. 326-2, 241-7. Tina Dunk is an Account Executive with K2MD, a marketing and advertising agency that Defendant Edge Endo, LLC worked with. Plaintiffs assert that because Defendants shared the communications with an outside third-party (K2MD), they have waived any attorney-client privilege. Defendants, on the other hand, assert that K2MD is the functional equivalent of an Edge Endo employee, and they therefore have not waived entitlement to attorney-client privilege.

## Analysis

Before addressing the parties' arguments on attorney-client privilege, the Court must determine if Plaintiffs' Motion to Compel is timely.[1] Under this District's Local Rules, "[a] party

---

[1] Because the Court finds that Plaintiffs' motion is untimely, it need not decide whether the documents at issue are protected by attorney-client privilege.

2

served with objections to [a] request for production or inspection . . . must proceed under D.N.M.LR-CIV. 37.1 [for motions to compel] within twenty-one (21) days of service of an objection." D.N.M.LR-CIV 26.6. "Failure to proceed within this time period constitutes acceptance of the objection." *Id.* Defendants assert, and Plaintiffs do not dispute, that Defendants served the privilege log on Plaintiffs on August 24, 2018. Accordingly, Plaintiffs had until September 14, 2018 to move to compel further information. Yet, Plaintiffs waited to file the instant motion until August 28, 2019 – nearly a year later. Even omitting the period from October 3, 2018 to January 23, 2019 when the Court stayed this case, Plaintiffs are several months past their 21-day deadline.

Plaintiffs argue that "Local Rule 26.6 does not, by it express or implied language, create a 21-day period for filing a motion following service of a privilege log." Doc. 254 at 14. The Court disagrees. By that reasoning, Plaintiffs would have an indefinite amount of time to object to a privilege log. Rather, Local Rule 26.6 applies, in part, to objections to requests for production. A privilege log is essentially an objection to a request for production: it is a list of documents that a party objects to disclosing on the basis that the documents are privileged. *See* Fed. R. Civ. P. 26(b)(5) ("When a party withholds information otherwise discoverable by claiming that the information is privileged . . ., the party must: (1) expressly make the claim; and (2) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."); Fed. R. Civ. P. 34(b)(2)(C) ("An objection [to a request for production] must state whether any responsive materials are being withheld on the basis of that objection."). Plaintiffs therefore had 21 days under Local Rule 26.6 to challenge the privilege log. *See Sedillo Elec. v. Colorado Cas. Ins. Co.*, No.15-1172 RB/WPL, 2017 WL 3600729, at *7

(D.N.M. Mar. 9, 2017) (holding that a challenge to a privilege log is subject to Rule 26.6). Or, if Plaintiffs needed more time, they could have requested it, but they did not.

Plaintiffs further argue that "[t]o the extent Local Rule 26.6 even pertains to this motion, the period for filing a motion to compel should be calculated from the date on which Defendants complete document production with respect to the relevant requests." Doc. 254 at 15. True, Local Rule 26.6 requires motions to compel within 21 days of service of an objection, "unless the response specifies that documents will be produced or inspection allowed." D.N.M.LR-CIV 26.6. "In this case, the party must proceed under D.N.M.LR-CIV 37.1 within twenty-one (21) days after production or inspection of the documents." *Id.* However, that is not the case here. While Plaintiffs argue that Defendants have not produced documents responsive to other outstanding requests, there is no indication that, when producing the privilege log at issue in this motion, Defendants specified that they would produce further documents. Accordingly, Plaintiffs had 21 days to object to the privilege log.

Plaintiffs' failure to file within the required deadline is sufficient grounds for the Court to deny their Motion to Compel. *See* D.N.M.LR-CIV 26.6 ("Failure to proceed within this time period constitutes acceptance of the objection."); *Thymes v. Verizon Wireless, Inc.*, No. 16-66 KG/WPL, 2017 WL 4534838, at *2 (D.N.M. Feb. 9, 2017) (holding that a violation of Local Rule 26.6. is sufficient grounds on its own to deny a motion to compel). The Court may, however, alter the 21-day deadline on a showing of good cause. D.N.M.LR-CIV 26.6.

Plaintiffs offer the following explanation to show good cause for an extension: On August 9, 2019 and August 15, 2019, Plaintiffs took the depositions of Damien Maestas and Juliet Bates, respectively. Mr. Maestas is Defendant Edge Endo's Research and Development manager and testified that K2MD employees are not employees of Edge Endo. Doc. 236-7. Ms.

Bates testified that Edge Endo no longer uses any external marketing firms. Doc. 236-10. Plaintiffs assert that those two depositions "revealed key information to the weaknesses of Defendants' privilege claims," and that they promptly moved to compel following those deposition. Doc. 254 at 16.

This, however, does not explain why Plaintiffs could not bring their motion to compel in September 2018. The information gained in the two depositions only confirmed Plaintiffs' theory that K2MD employees were not employees of Edge Endo. The depositions did not, for the first time, reveal that K2MD employees were not employees of Edge Endo. Indeed, on June 6, 2019, before either deposition took place, Plaintiffs' counsel sent a letter to defense counsel calling into question Defendants' assertion of attorney-client privilege between Defendants and a third party. Doc. 236-3. Defendants confirmed their assertion of that privilege in a letter to Plaintiffs on June 25, 2019. Doc. 236-4. Plaintiffs responded on June 26, 2019, asserting essentially the same argument they later make in their Motion to Compel: "It is our understanding that, at the time of the relevant communications, Tina Dunk was an account manager at K2MD, an advertising agency with which Defendants did not share common legal interests," and "Defendants' assertion of common interest privilege as to these documents is without merit." Doc. 236-5. Plaintiffs then waited 63 days to file a motion to compel, which was almost year after initially receiving the privilege log.

The Court notes that it is generally receptive to motions to extend the 21-day period to file a motion to compel. Such extensions allow the parties to resolve disputes informally and without costly briefing. The Court further applauds the parties' meet and confer efforts that took place before Plaintiffs filed the instant motion. However, Plaintiffs should have initiated those efforts in August and September of 2018, when they first received the privilege log, not ten

months later. To that point, Plaintiffs recently opposed Defendants' requests for appointment of commissioners to oversee discovery in France and Switzerland, arguing in part that Defendants' requests were untimely. Docs. 219, 228. Specifically, Plaintiffs asserted that Defendants' requests should be denied because Defendants had known for over a year that they would need the desired discovery, but failed to promptly request it. Doc. 219 at 5; Doc. 228 at 2. Plaintiffs are now trying to counter essentially that same argument. In deciding the previous discovery issue, the Court found that Defendants' requests were not untimely because there is currently no discovery deadline set in the case. Doc. 245. In contrast, Local Rule 26.6 set a very clear deadline by which Plaintiffs must file their motion to compel and Plaintiffs did not meet that deadline or show good cause to extend it.

Lastly, both sides request that the Court award them their costs associated with bringing the motion or responding to the motion. Because the Court denies Plaintiffs' motion, it also denies Plaintiffs' request for costs. *See* Fed. R. Civ. P. 37(a)(5)(A). The Court also denies Defendants' request for costs. Rule 37(a)(5)(B) requires that if the court denies a motion to compel, it must order the movant, the attorney filing the motion, or both, after giving them an opportunity to be heard, to pay the party opposing the motion its reasonable expenses incurred in opposing the motion. Fed. R. Civ. P. 37(a)(5)(B). However, the court "must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.* As discussed above, the Court recently granted Defendants' requests for international discovery, holding that the requests were timely. While that situation is distinguishable from the instant motion, the Court finds that, in light of its recent Order, Plaintiffs were substantially justified in requesting an extension of time to file their motion to

compel. Additionally, because the Court did not reach the merits of Plaintiffs' motion, it finds that an award of expenses would be unjust.

## Conclusion

For the reasons stated above, the Court **DENIES** Plaintiffs' Motion to Compel the Production of Documents withheld by Defendants Based Upon Their Improper Claims of Attorney-Client Privilege, Doc. 235, as untimely.

_____
STEVEN C. YARBROUGH
United States Magistrate Judge