IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DENTSPLY SIRONA INC., TULSA DENTAL
PRODUCTS LLC D/B/A DENTSPLY
SIRONA ENDODONTICS,

             Plaintiffs,                        1:17CV1041-JFB-SCY

    vs.                              MEMORANDUM AND ORDER

EDGE ENDO, LLC, US ENDODONTICS,
LLC,

             Defendants.

This matter is before the Court on defendant's motion to reconsider, Doc. 244, this Court's Claim Construction Order, Doc. 237. In particular, the defendant asks the Court to redefine the term "swagger." Defendants contend that in its claim construction order, the Court adopted plaintiffs' proposed construction of swagger as a "deflection which occurs during use of the instrument when it is rotated at a speed appropriate for preparing an endodontic cavity space." Doc. 237, pp. 10-11. Defendants contend, however, that during the June 17, 2019, claim construction hearing, plaintiffs stipulated to defendants' proposed construction of "swagger," which was a "wave-like movement." Doc. 206, p. 69. Defendants ask the Court to adopt "wave-like movement" as the term construction, rather than the "deflection which occurs during use of the instrument when it is rotated at a speed appropriate for preparing an endodontic cavity space."

Plaintiffs disagree. Plaintiffs ask the Court to deny the motion for reconsideration on the basis that the Court thoroughly reviewed the proposed claim constructions and determined that plaintiffs' proposed construction was correct.

The Court listened to significant testimony on this issue. The plaintiffs did agree to defendants' requested construction to simplify the issues. The Court made no determination at that time. However, based on the agreed the construction, the parties did not argue or address the issue any further during the hearing. The Court, thereafter, reviewed the patent language, the briefs, the arguments of counsel, and the relevant law and made its own determination on the meaning of "swagger." The Court has an independent duty and responsibility to construe these claims. *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 384 (1996); *Rodime PLC v. Seagate Tech., Inc.*, 174 F.3d 1294, 1302 (Fed. Cir. 1999) (explaining that a party's concession "does not relieve this court of its responsibility to interpret the claims as a matter of law"). The Court did not find the defendants' proposed construction to be supported by the evidence. In fact, during the plaintiff's Markman argument, counsel noted that the defendant's definition of "wave like movement" was a broader than the plaintiff's definition of swagger. The Court took this to mean the plaintiff was willing to accept the defendant's definition. At that point, the parties stipulated to the defendant's definition. (Doc. 206, transcript 69:11-70:3). For all the reasons stated in the Claim Construction Memorandum and Order, the Court believes that the term "swagger" is better defined as "deflection which occurs during use of the instrument when it is rotated at a speed appropriate for preparing an endodontic cavity space." However, the plaintiff did not simply agree that the Court could adopt the defendant's definition, counsel stipulated to the defendant's definition. The Court agrees that the defendant's definition includes the plaintiff's proposed definition. On reconsideration, the Court will not disturb the stipulation. Accordingly, the Court will grant

the motion for reconsideration.  Swagger shall be defined as "wave-like movement" and swaggers shall mean "moves in a wave-like manner."

THEREFORE, IT IS ORDERED THAT defendants' motion for reconsideration, Doc. 244, is granted.


DATED this 21st day of February, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge